PARKER, Judge.
C.S.H., a juvenile, appeals the portion of the trial court’s order of restitution which ordered C.S.H. to compensate the victim of a vehicle theft $2,566.32 for the down payment the victim made on a replacement vehicle. Because this amount did not represent “damage or loss caused directly or indirectly by the defendant’s offense,” we reverse and remand this case with directions to reduce the restitution awarded by $2,566.32.
C.S.H. entered a plea of guilty to grand theft of the victim’s vehicle, which was damaged beyond repair, and petit theft of items inside the vehicle. The victim’s insurance company compensated the victim for the fair market value of the vehicle by paying off the $7,556 loan on the vehicle minus the victim’s deductible. The victim subsequently purchased a used vehicle for $16,826.89. She made a down payment of $2,566.32, which she obtained by cashing in some stock she had planned to use to purchase a home. The trial court awarded the victim restitution in the amount of $4,330.14: $1,763.82 for personal property losses and out-of-pocket expenses incurred by the victim as a result of the theft and $2,566.32 for the amount the victim used as a down payment for her replacement vehicle.
C.S.H. argues that the award of $2,566.32 was not a “loss” as required by section 775.089(1), Florida Statutes (1997). That section provides for restitution to a victim for “damage or loss caused directly *652 or indirectly by the defendant’s offense.” § 775.089(1), Fla.Stat. (1997). In this case, the damage to the victim was the loss of her vehicle, for which she was compensated when the insurance company paid off her loan. The victim did not incur a “loss” when she made a down payment on a used vehicle because she was merely converting one asset (the stock) into another (equity in a replacement vehicle).
The restitution order is reversed and remanded to the trial court with directions to enter a new restitution order in the amount of $1,763.82 for the victim’s personal property losses and out-of-pocket expenses.
PATTERSON, C.J., and STRINGER, J., concur.